The Honorable James L. Robart

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| RXSALES PRESCRIPTIONS SALES COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BLUE FROG MOBILE, INC.; and IAN EISENBERG, individually and on behalf of his martial community,<br><br>Defendants. | No. CV06-0333JLR<br><br>**COUNTER CLAIMANT BLUE FROG MOBILE, INC.'S FIRST AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AGAINST COUNTER DEFENDANT RXSALES PRESCRIPTIONS SALES COMPANY, LLC** |
| BLUE FROG MOBILE, INC., a Washington corporation,<br><br>Counter Claimant,<br><br>v.<br><br>RXSALES PRESCRIPTIONS SALES COMPANY, LLC,<br><br>Counter Defendant. | |

Counter Claimant BLUE FROG MOBILE, INC. ("Blue Frog") amends its affirmative defenses and asserts amended counterclaims against Counter Defendant RXSALES PRESCRIPTIONS SALES COMPANY, LLC ("Plaintiff" or "Counter Defendant") as follows:

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 1
(CV06-0333JLR)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I. AFFIRMATIVE DEFENSES

Without admitting any allegations contained in Plaintiff's Complaint, Blue Frog asserts the following affirmative defenses:

1.1. Plaintiff is barred from obtaining any relief sought in the Complaint because the Complaint fails to state any claim upon which relief may be granted.

1.2. Plaintiff's trademark claims fail because Plaintiff's alleged trademark is invalid as a result of fraud on the United States Patent and Trademark Office.

1.3. Plaintiff is barred from obtaining any relief because Plaintiff failed to mitigate its alleged damages, if any.

1.4. Plaintiff is barred from obtaining any relief sought in the Complaint by reason of its own unclean hands.

1.5. Plaintiff waived its claims.

1.6. Plaintiff ratified and approved all actions it complains about in its Complaint, and therefore Plaintiff is not entitled to any relief.

1.7. Plaintiff's claims, and each of them, are barred by the doctrine of estoppel.

1.8. Plaintiff's claims, and each of them, are barred by the doctrine of laches.

1.9. Plaintiff has failed to join one or more necessary and indispensable parties.

1.10. Plaintiff's claims are barred by the doctrine of trademark misuse.

1.11. Plaintiff's claims are barred because Plaintiff's alleged mark is generic, and, hence, not valid or protectible.

1.12. Plaintiff's claims are barred because Plaintiff's alleged mark is descriptive and has not acquired any secondary meaning.

1.13. Plaintiff's claims are barred by the doctrine of fair use.

## II. FIRST COUNTERCLAIM
## DECLARATORY RELIEF REGARDING
## INVALIDITY AND NON-INFRINGEMENT

2.1.  Blue Frog incorporates Paragraphs 1.1 through 1.13 above as though fully stated herein.

2.2.  The term "dollars", used in connection with "chat", "DVD", "online dating", and any number of other subjects, has become widely used by the general public to refer to and denote "affiliate programs" related to those subjects, wherein participants drive Internet user traffic to a particular website through banners or other website links in exchange for commissions for all such Internet traffic or revenue generated.

2.3.  This widespread use is evidenced by the existence of hundreds of affiliate programs with names that incorporate the word "dollars" to describe their affiliate programs, examples of which are attached hereto as **Exhibit A**.

2.4.  The use of the term "dollars" in connection with subject matter words has become a generic name for affiliate programs marketing those services.

2.5.  Counter Defendant's alleged mark, "ChatDollars", is a generic name for its affiliate program and as such, the alleged mark is invalid.

2.6.  Counter Defendant's use of the term "ChatDollars" to describe its affiliate program is "merely descriptive" within the meaning of Section 2 of the Lanham Act, 15 U.S.C. § 1052(e)(1), since it simply describes Counter Defendant's services of providing "dollars" to individuals who promote its "chat" product.

2.7.  A mark which is "merely descriptive" shall be refused registration, and is not entitled to trademark or service mark protection unless it has become distinctive, as proved by substantially exclusive and continuous use as a mark in connection with the applicant's goods in commerce for five years.  (15 U.S.C. § 1052(f)).

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 3
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

2.8.    The hundreds of affiliate programs with names that incorporate "dollars", many of which have existed since at least 2003, illustrate that Counter Defendant's alleged mark "ChatDollars" has not acquired any "distinctive" meaning.  These programs further illustrate that Counter Defendant's use of the alleged mark "ChatDollars" has not been substantially exclusive at any time since its first alleged use in commerce in 2003.

2.9.    Because Counter Defendant's alleged mark is "merely descriptive" without having acquired any distinctive meaning, Counter Defendant's alleged mark is not entitled to any trademark or service mark protection.

2.10.   Upon information and belief, Counter Defendant or its predecessor-in-interest committed fraud upon the United States Patent and Trademark Office ("PTO").

2.11.   Counter Defendant or its predecessor-in-interest submitted one specimen of use to support its registration of CHATDOLLARS for three classes of goods and services.  This twenty-four (24) page specimen of use consists of repeated reiterations of the same four pages of website content. The specimen is attached hereto as **Exhibit B**.

2.12.   Upon information and belief, Counter Defendant or its predecessor-in-interest fraudulently alleged the specimen supports three classes of goods and services, when in fact it fails to support the following two classes:

IC 038.

Goods and Services:

Electronic telephone messaging services; computerized online chat rooms for the transmission of messages among computer users concerning dating and personal relationships; providing telephone conferencing services; telephone conferencing services in the nature of combination audio and video conferencing; telephone communication services in the nature of electronic messaging, namely, the recording, storage and subsequent transmission of

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 4
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

personal messages; electronic transmission of data and documents via computer.

First use: 20030500 First use in commerce: 20030500

IC 045.

Goods and Services:

Matchmaking and computer dating services via the Internet.

First use: 20030500 First use in commerce: 20030500

2.13. The specimen of use does not demonstrate any use of the mark CHATDOLLARS in connection with the telephone messaging services described in Class IC 038 above. To the contrary, the specimen of use explicitly defines CHATDOLLARS in the following manner: "Chatdollars is the affiliate program for www.talk121.com. TALK121 is a very popular dating chat line with local numbers for singles to call in over 45 American cities."

2.14. Accordingly, TALK121 – not CHATDOLLARS – is the trademark used in connection with electronic telephone messaging services identified in IC 038 above.

2.15. Counter Defendant or its predecessor-in-interest claimed that CHATDOLLARS was used in commerce in connection with the goods and services identified in Class IC 038 beginning May 2003, and, upon information and belief, fraudulently submitted the specimen of use that purported to support that claim. Counter Defendant or its predecessor-in-interest knew that the specimen of use failed to support that claim because the specimen's terms plainly state that CHATDOLLARS is simply an affiliate program.

2.16. Any references to "chatlines" within the specimen relate to chatlines branded as TALK121 not branded as CHATDOLLARS.

2.17. In providing a specimen that did not support the claims it was

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 5
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

purported to, Counter Defendant or its predecessor-in-interest intended to obtain a registration to which it was not entitled, and committed fraud upon the PTO.

2.18. The same specimen of use was submitted in support of the class of goods and services described above in Class IC 045. The specimen, however, does not reference any dating services provided via the Internet, and certainly not in connection with the mark CHATDOLLARS.

2.19. Upon information and belief, Counter Defendant or its predecessor-in-interest claimed that CHATDOLLARS was used in commerce in connection with the goods and services identified in Class IC 045 beginning May 2003, and fraudulently submitted a specimen of use that purported to support that claim.

2.20. Counter Defendant or its predecessor-in-interest knew that the specimen of use failed to support that claim because the specimen does not make a single reference to dating services provided via the Internet.

2.21. In providing a specimen that did not support the claims it was purported to, Counter Defendant or its predecessor-in-interest intended to obtain a registration to which it was not entitled, and committed fraud upon the PTO.

2.22. Claims of use on goods extending well beyond the actual use which has occurred constitute fraud on the PTO.

2.23. The Lanham Act authorizes cancellation of a trademark registration where the mark has been fraudulently obtained.

2.24. The CHATDOLLARS trademark should be cancelled for fraud on the PTO, and is invalid for that reason.

2.25. Counter Defendant may not assert a cause of action for trademark infringement based upon a mark that is invalid.

2.26. Blue Frog's previous use of the term "SMSChatDollars" did not
BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 6
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

infringe upon Counter Defendant's alleged trademark because Counter Defendant's alleged mark is not entitled to protection as a mark that is (a) generic for affiliate programs, and/or (b) merely descriptive without any distinctiveness or substantially exclusive use.

2.27. Additionally, Blue Frog's previous use of the term "SMSChatDollars" did not infringe upon Counter Defendant's alleged trademark because Counter Defendant's alleged mark is not entitled to protection as a result of fraud on the PTO.

2.28. Blue Frog's previous use of the term "SMSChatDollars" also did not infringe upon Counter Defendant's alleged trademark because Blue Frog was simply fairly describing its affiliate program.

2.29. Counter Defendant alleges Blue Frog infringed upon Counter Defendant's alleged trademark.

2.30. An actual justiciable, substantial controversy exists between Counter Defendant and Blue Frog over whether Counter Defendant's alleged mark is invalid, whether Blue Frog's prior use of the term "SMSChatDollars" was an infringement, and whether Blue Frog can fairly describe its affiliate program as "SMS Chat Dollars".

2.31. Counter Defendant and Blue Frog have existing and genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

2.32. This proceeding is genuinely adversary in character between Counter Defendant and Blue Frog.

2.33. A declaration by the Court would terminate the controversy between Counter Defendant and Blue Frog.

2.34. The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 7
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

relations among them.

2.35. This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

2.36. This Court has the power to declare the rights, status and other legal relations between the parties pursuant to 28 U.S.C. § 2201, et seq.

2.37. Accordingly, Counter Defendant requests that the Court issue a judgment declaring that (i) Counter Defendant's United States Trademark Registration No. 3,026,646 for CHATDOLLARS is invalid because Counter Defendant or its predecessor-in-interest committed fraud upon the PTO; (ii) Counter Defendant's United States Trademark Registration No. 3,026,646 for CHATDOLLARS is invalid because it is (a) generic, or alternatively (b) merely descriptive, without being distinctive or having substantially exclusive use in commerce for at least five years; and (iii) Blue Frog has not infringed on Counter Defendant's alleged mark.

### III.  SECOND COUNTERCLAIM
### CANCELLATION OF TRADEMARK REGISTRATION NO. 3,026,646 FOR LACK OF DISTINCTIVENESS

3.1. Blue Frog incorporates Paragraphs 1.1 through 2.37 above as though fully stated herein.

3.2. The term "dollars", used in connection with "chat", "DVD", "online dating", and any number of other subjects, has become widely used by the general public to refer to and denote "affiliate programs" related to those subjects, wherein participants drive Internet user traffic to a particular website through banners or other website links, in exchange for commissions for such Internet traffic or revenue generated.

3.3. This widespread use is evidenced by the existence of hundreds of affiliate programs with names that incorporate the word "dollars" to describe their affiliate programs, examples of which are attached hereto as **Exhibit A**.

3.4. The use of the term "dollars" in connection with subject matter

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 8
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 words has become a generic name for affiliate programs marketing those
2 services.

3     3.5. 15 U.S.C. § 1119 provides that "[i]n any action involving a
4 registered mark the court may determine the right to registration, order the
5 cancellation of registrations, in whole or in part, restore canceled
6 registrations, and otherwise rectify the register with respect to the
7 registrations of any party to the action."

8     3.6. Counter Defendant's alleged mark, CHATDOLLARS, is a generic
9 name for its affiliate program and as such, the alleged mark is invalid and
10 should be cancelled.

11     3.7. In the alternative, Counter Defendant's alleged mark,
12 CHATDOLLARS, is descriptive of its affiliate program, but has not acquired
13 secondary meaning, and is therefore invalid and should be cancelled.

14     3.8. Blue Frog has been and will continue to be damaged by the
15 registration of Counter Defendant's alleged mark. Blue Frog's damages
16 include, but are not limited to, fees and costs incurred in maintaining a
17 defense against the current lawsuit filed by Counter Defendant to enforce its
18 invalid mark.

19     3.9. Therefore, Blue Frog respectfully requests the Court order and
20 certify to the Director of the United States Patent and Trademark Office that
21 United States Trademark Registration No. 3,026,646 should be canceled.

## IV. THIRD COUNTERCLAIM
## CANCELLATION OF TRADEMARK REGISTRATION NO. 3,026,646 FOR FRAUD ON THE PTO

24     4.1. Blue Frog incorporates Paragraphs 1.1 through 3.9 above as
25 though fully stated herein.

26     4.2. Counter Defendant's alleged mark, CHATDOLLARS, should be
27 canceled because, upon information and belief, Counter Defendant or its
28 predecessor-in-interest committed fraud upon the United States Patent and

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 9
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 Trademark Office.

2     4.3.   Counter Defendant or its predecessor-in-interest submitted one specimen of use to support its registration of CHATDOLLARS for three classes of goods and services. This twenty-four (24) page specimen of use appears to consist of repeated reiterations of the same four pages of website content.

    4.4.   Upon information and belief, Counter Defendant or its predecessor-in-interest fraudulently alleged the specimen supports three classes of goods and services, when in fact it fails to support the following two classes:

IC 038.

Goods and Services:

Electronic telephone messaging services; computerized online chat rooms for the transmission of messages among computer users concerning dating and personal relationships; providing telephone conferencing services; telephone conferencing services in the nature of combination audio and video conferencing; telephone communication services in the nature of electronic messaging, namely, the recording, storage and subsequent transmission of personal messages; electronic transmission of data and documents via computer.

First use: 20030500 First use in commerce: 20030500

IC 045.

Goods and Services:

Matchmaking and computer dating services via the Internet.

First use: 20030500 First use in commerce: 20030500

    4.5.   The specimen of use does not demonstrate any use of the mark CHATDOLLARS in connection with the telephone messaging services described in Class IC 038 above. To the contrary, the specimen of use explicitly defines CHATDOLLARS in the following manner: "Chatdollars is the affiliate program for www.talk121.com. TALK121 is a very popular dating chat line with local numbers for singles to call in over 45 American

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 10
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

cities."

4.6.  Accordingly, TALK121 – not CHATDOLLARS – is the trademark used in connection with electronic telephone messaging services identified in IC 038 above.

4.7.  Counter Defendant or its predecessor-in-interest claimed that CHATDOLLARS was used in commerce in connection with the goods and services identified in Class 038 beginning May 2003, and, upon information and belief, fraudulently submitted the specimen of use that purported to support that claim.  Counter Defendant or its predecessor-in-interest knew that the specimen of use failed to support that claim because the specimen's terms plainly state that CHATDOLLARS is simply an affiliate program.

4.8.  Any references to "chatlines" within the specimen relate to chatlines branded as TALK121 not branded as CHATDOLLARS.

4.9.  In providing a specimen that did not support the claims it was purported to, Counter Defendant or its predecessor-in-interest intended to obtain a registration to which it was not entitled, and committed fraud upon the PTO.

4.10.  The same specimen of use was submitted in support of the class of goods and services described above in Class IC 045.  The specimen, however, does not reference any dating services provided via the Internet, and certainly not in connection with the mark CHATDOLLARS.

4.11.  Upon information and belief, Counter Defendant or its predecessor-in-interest claimed that CHATDOLLARS was used in commerce in connection with the goods and services identified in Class IC 045 beginning May 2003, and fraudulently submitted a specimen of use that purported to support that claim.

4.12.  Counter Defendant or its predecessor-in-interest knew that the specimen of use failed to support that claim because the specimen does not

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 11
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 make a single reference to dating services provided via the Internet.

2     4.13. In providing a specimen that did not support the claims it was
3 purported to, Counter Defendant or its predecessor-in-interest intended to
4 obtain a registration to which it was not entitled, and committed fraud upon
5 the PTO.

6     4.14. Claims of use on services extending well beyond the actual use
7 which occurred constitute fraud on the PTO.

8     4.15. The Lanham Act authorizes cancellation of a trademark
9 registration where the mark has been fraudulently obtained.

10     4.16. Consequently, Counter Defendant's alleged CHATDOLLARS
11 mark is invalid and should be cancelled.

12     4.17. Blue Frog has been and will continue to be damaged by the
13 registration of Counter Defendant's alleged CHATDOLLARS mark. Blue
14 Frog's damages include, but are not limited to, fees and costs incurred in
15 maintaining a defense against the current lawsuit filed by Counter Defendant
16 to enforce its invalid mark.

17     4.18. Therefore, Blue Frog respectfully requests the Court order and
18 certify to the Director of the United States Patent and Trademark Office that
19 United States Trademark Registration No. 3,026,646 should be canceled for
20 fraud on the PTO.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 12
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# V. PRAYER FOR RELIEF

WHEREFORE, Defendant BLUE FROG MOBILE, INC. respectfully requests that the Court enter judgment against Counter Defendant RXSALES PRESCRIPTIONS SALES COMPANY, LLC, and in favor of Blue Frog, as follows:

1. <u>Declaratory Judgment</u>. That the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. that:

    a. Counter Defendant's alleged mark, CHATDOLLARS, is invalid because it is generic within the meaning of Section 14 of the Lanham Act.

    b. Counter Defendant's alleged mark, CHATDOLLARS, is invalid because it is merely descriptive and not distinctive, since it has not been used in a substantially exclusive or continuous manner in commerce for at least five years, within the meaning of Section 2 of the Lanham Act, 15 U.S.C. § 1052, nor has it otherwise acquired secondary meaning.

    c. Counter Defendant's alleged mark, CHATDOLLARS, is invalid because Counter Defendant or its predecessor-in-interest committed fraud on the United States Patent and Trademark Office.

    d. Blue Frog's use of the term "SMSChatDollars" has not infringed upon Counter Defendant's alleged mark, CHATDOLLARS.

2. <u>Cancellation of United States Trademark Registration No. 3,026,646 for CHATDOLLARS</u>. That the Court order the cancellation of United States Trademark Registration No. 3,026,646 for CHATDOLLARS pursuant to 15 U.S.C. § 1119 because "Chat Dollars" is a generic name, or in the alternative because "Chat Dollars" is descriptive of Counter Defendant's affiliate program and has not acquired secondary meaning.

///

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 13
(CV06-0333JLR)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

3. <u>Cancellation of United States Trademark Registration No. 3,026,646 for CHATDOLLARS</u>.  That the Court order the cancellation of United States Trademark Registration No. 3,026,646 for CHATDOLLARS pursuant to 15 U.S.C. § 1119 because Counter Defendant or its predecessor-in-interest committed fraud on the United States Patent and Trademark Office.

4. <u>Attorneys' Fees and Costs</u>.  That the Court award Blue Frog its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

5. <u>Other Equitable Relief</u>.  That the Court grant such other and further relief to Blue Frog as the Court shall deem just and equitable.

DATED this 10th day of April, 2006.

Respectfully Submitted,

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for
Defendant/Counter Defendant,
BLUE FROG MOBILE, INC.

BLUE FROG MOBILE, INC.'S
AMENDED COUNTERCL.S - 14
(CV06-0333JLR)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800